UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____ )
BALBIR SINGH, )
                                                   ) No. C09-1650RSL
                       Plaintiff, )
     v. ) CASE MANAGEMENT ORDER
                                                   )
ERIC HOLDER, *et al.*, )
                                                   )
                     Defendants. )
_____ )

        On November 18, 2009, plaintiff filed a petition alleging that defendants have unreasonably delayed processing his application for permanent resident status and requesting that the Court mandamus defendants to approve the application. Dkt. # 1. Plaintiff asserts that this matter is an Administrative Procedure Act ("APA") case. Complaint at ¶ 2. Defendants appeared through counsel and filed the administrative record on January 19, 2010. Because the issues raised will likely be decided through dispositive motion practice, discovery is not indicated. Accordingly, the Court finds that the parties are exempt from the requirements of Fed. R. Civ. P. 26(a)(1) and (f) relating to discovery and ORDERS as follows:

CASE MANAGEMENT ORDER

| | |
|---|---|
| Deadline for amending pleadings and joining additional parties: | **February 5, 2010** |
| Plaintiff shall file a motion for summary judgment by: | **February 12, 2010** |
| Defendants shall file an opposition and cross-motion for summary judgment, if any, by: | **March 3, 2010** |
| Plaintiff shall file a reply and opposition, if any, by: | **March 22, 2010** |
| Defendants shall file a reply, if any, by: | **March 26, 2010** |

The parties shall note their dispositive motions on the Court's calendar for Friday, March 26, 2010. These dates are set by the Court. All other dates are specified in the Local Civil Rules. If any of the dates identified in this Order or the Local Civil Rules fall on a weekend or federal holiday, the act or event shall be performed on the next business day. These are firm dates that can be changed only by order of the Court pursuant to Local Civil Rules 10(g) and/or 7(d)(2), not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown.

ALTERATIONS TO ELECTRONIC FILING PROCEDURES AND COURTESY COPIES

As of June 1, 2004, counsel are required to electronically file all documents with the Court. *Pro se* litigants may file either electronically or in paper form. Information and procedures for electronic filing can be found on the Western District of Washington's website at www.wawd.uscourts.gov. The following alterations to the Electronic Filing Procedures apply in all cases pending before Judge Lasnik:

- Section III, Paragraph F - pursuant to Local Rule 10(e)(8), when the aggregate submittal to the court (*i.e.*, the motion, any declarations and exhibits, the proposed order, and the certificate of service) exceeds **50** pages in length, a paper copy of the documents (with tabs or other organizing aids as necessary) shall be delivered to the Clerk's Office for chambers by

10:30 am the morning after filing. The chambers copy must be clearly marked with the words "Courtesy Copy of Electronic Filing for Chambers."

- Section III, Paragraph L - unless the proposed order is stipulated, agreed, or otherwise uncontested, the parties need not e-mail a copy of the order to the judge's e-mail address.

Pursuant to Local Rule 10(e)(10), all references in the parties' filings to exhibits should be as specific as possible (*i.e.*, the reference should cite the specific page numbers, paragraphs, line numbers, etc.). All exhibits must be marked to designate testimony or evidence referred to in the parties' filings. Filings that do not comply with Local Rule 10(e) may be rejected and/or returned to the filing party, particularly if a party submits lengthy deposition testimony without highlighting or other required markings.

## PRIVACY POLICY

Parties are reminded that they must comply with the privacy requirements in Federal Rule of Civil Procedure 5.2 and Local Rule 5.2.

## SETTLEMENT

Should this case settle, counsel shall notify the Deputy Clerk as soon as possible. Pursuant to GR 3(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

Dated this 26th day of January, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge